UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL BOYD,

Plaintiff,

-against-

PARKWOOD ENTERTAINMENT, LLC; GRAND LODGE OF FREE AND ACCEPTED MASONS OF THE STATE OF NEW YORK,

Defendants.

26-CV-7460 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff Angel Boyd, proceeding *pro se,* alleges that Defendants are threatening her life and are engaged in "unlawful cyber-activities." (ECF No. 1, at 4.) She names as defendants: (1) Parkwood Entertainment, LLC, and (2) Grand Lodge of Free and Accepted Masons of the State of New York. Plaintiff, a resident of Wisconsin, brings this action under the court's diversity jurisdiction. She seeks injunctive relief.

By Order dated October 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 8.) For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

The following facts are drawn from the complaint.[1] In the Statement of Claim portion of the complaint, Plaintiff writes, in full:

> 1. Ongoing Threats to My Life: Initiating and directing severe threats against my life, which have caused me years of extreme terror, profound emotional trauma, and a justifiable, constant fear for my personal safety and physical well-being.
>
> 2. Illegal Cyber-Hacking and Technology Compromise: Engaging in unlawful cyber-activities, including hacking my electronic devices, breaching my online security, monitoring my digital activity, and compromising my technology to unlawfully surveil me and access my private communications.

(ECF No. 1, at 4.) In the Amount in Controversy portion of the complaint form, Plaintiff asserts that due to unspecified circumstances, she has lost her apartment and valuable career opportunities. (*Id.*) She requests several forms of injunctive relief. (*Id.* at 4-5.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

## DISCUSSION

### A. Short and Plain Statement of the Claim

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

The complaint does not comply with Rule 8. Plaintiff alleges that Defendants hacked her electronic devices, threatened her life, and otherwise caused her harm. The complaint does not describe, however, which of the Defendants are responsible for those actions. In fact, neither of the Defendants is mentioned in the Statement of the Claim portion of the complaint. The complaint also fails to state who harmed Plaintiff, how they harmed her, when they harmed her, and how and when she discovered that Defendants harmed her. Instead, Plaintiff seems to solely rely on the conclusion that she has been harmed, rather than well-pleaded facts that would both inform the Court what this civil action is about and give Defendants adequate notice of the basis of her claims. Because the complaint fails to set forth facts from which the Court can determine that Defendants have harmed her, it fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. The Computer Fraud and Abuse Act**

Even though Plaintiff invokes the Court's diversity jurisdiction, the Court understands that she may be attempting to state a claim under federal law, namely, under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g). That provision allows for a private cause of action for "[a]ny person who suffers damage or loss by reason of a violation" of Section 1030[2] "if the conduct involves [one] of the factors set forth in" 18 U.S.C. § 1030(c)(4)(A)(i)(I), (II), (III), (IV), or (V).[3] 18 U.S.C. § 1030(g).

"[T]o state a claim under CFAA, [a] [p]laintiff must allege that (1) [the defendant] intentionally accessed a protected computer (2) without authorization or in excess of his authorized access, (3) thereby obtaining information from the protected computer (4) and causing" loss or damage, and being involved with one of the factors set forth in Section

[2] A violation of Section 1030 includes when someone "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains— . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). For the purposes of the CFAA, a "protected computer" includes a computer that "is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).

[3] That conduct includes:

> (I) loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value;
>
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> (III) physical injury to any person;
>
> (IV) a threat to public health or safety;
>
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V).

1030(c)(4)(A)(i)(I) through (V). *Caro v. Weintraub*, No. 09-CV-1353, 2010 WL 4514273, at *11 (D. Conn. Nov. 2, 2010); *see Redcell Corp. v. A.J. Trucco, Inc.*, No. 20-CV-0018 (AT) (SLC), 2022 WL 683007, at *3 (S.D.N.Y. Mar. 8, 2022) (setting forth a similar pleading standard). Claims under the CFAA "appl[y] to an 'outside' hacker who remotely enters a computer system without authority to do so." *JBCHoldings NY, LLC v. Parker*, 931 F. Supp. 2d 514, 521 (S.D.N.Y. Mar. 20, 2013).

Plaintiff fails to state a claim under the CFAA because, as described above, the complaint does not clearly state Defendants' conduct, Plaintiff thereby fails to place Defendants on notice of what conduct is at issue in this litigation. Moreover, Plaintiff asserts that one or both Defendants "engag[ed] in unlawful cyber-activities" (ECF No. 1, at 4), but that vague allegation is insufficient for the Court to infer that either Defendant obtained information, without her authorization, from her protected device. Additionally, Plaintiff fails to explain which of her devices was allegedly hacked and what information was allegedly taken from it. Finally, Plaintiff alleges that Defendants' "made [her] lose [her] apartment and valuable career opportunities" (*id.*), but she provides no facts that would make that allegation plausible. The Court therefore dismisses Plaintiff's claims under the CFAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she may allege facts sufficient to state such a claim against at least one of the Defendants.

**C. Leave to Amend Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under the CFAA or state law, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. An amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 13, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_______________________________________________

_______________________________________________

Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ________________________________________, is a citizen of the State of
(Defendant's name)

________________________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________________.

If the defendant is a corporation:

The defendant, ___________________________________, is incorporated under the laws of

the State of _____________________________________________

and has its principal place of business in the State of ___________________________________

or is incorporated under the laws of (foreign state) ____________________________________

and has its principal place of business in ____________________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

____________________________________________________________________________________

First Name Middle Initial Last Name

____________________________________________________________________________________

Street Address

____________________________________________________________________________________

County, City State Zip Code

_________________________________ ______________________________________________

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ________________________________

First Name Last Name

________________________________

Current Job Title (or other identifying information)

________________________________

Current Work Address (or other address where defendant may be served)

________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ________________________________

Date(s) of occurrence: ________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.